IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

PETER SCHWARTZ,
*Address to be filed under Seal*

Plaintiff,

-against-

UNITED STATES OF AMERICA;
c/o U.S. Attorney's Office, District of Columbia,
601 D. Street NW, Washington, DC 20530,

MATTHEW B. SOLOMON, individually;
935 Pennsylvania Avenue NW
Washington, DC 20535,

and FBI SPECIAL AGENTS JOHN DOES 1-10, individually,
935 Pennsylvania Avenue NW
Washington, DC 20535,

Defendants.

Civil Action No.

**COMPLAINT**

DEMAND FOR JURY TRIAL

Plaintiff Peter Schwartz ("Plaintiff" or "Schwartz"), by and through his attorneys, Raiser, Kenniff & Lonstein, brings this Complaint against Defendants United States of America, Matthew B. Solomon, and FBI Special Agents John Does 1-10, and respectfully alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action for damages arising from the wrongful investigation and prosecution of Plaintiff in connection with the events of January 6, 2021, brought under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680, and under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) ("Bivens").

2. On February 4, 2021, federal agents arrested Plaintiff at his residence in Uniontown, Pennsylvania, and, while he was handcuffed, compelled him to unlock his cellphone using his fingerprint. On January 17, 2025, the United States Court of Appeals for the District of Columbia Circuit held that this compelled act violated Plaintiff's Fifth Amendment privilege against self-incrimination, that the compelled unlocking was testimonial, and that the United States District Court for the District of Columbia (the "District Court") had erred in declining to suppress it and its fruits.

3. In the same decision, the D.C. Circuit vacated Plaintiff's conviction on Count Eight of the operative indictment, which had charged Plaintiff with obstruction of an official proceeding in violation of 18 U.S.C. § 1512(c)(2), in light of Fischer v. United States, 603 U.S. 480 (2024), which held that § 1512(c)(2) does not reach conduct of the kind charged against Plaintiff and other January 6 defendants.

4. As set forth below, Count Eight was not a peripheral charge. At Plaintiff's sentencing, the sentencing court calculated the applicable Sentencing Guidelines group containing Count Eight at offense level 31, a level driven specifically by the obstruction count's own offense-level calculation. Absent Count Eight, that group's offense level would have been 26, the same as the other groups of assault counts. The inclusion of Count Eight thus directly increased Plaintiff's combined offense level, his advisory Sentencing Guidelines range, and ultimately the 170-month sentence he served.

5. On March 14, 2025, following the D.C. Circuit's decision, the District Court dismissed the operative indictment against Plaintiff with prejudice on the government's own motion.

6. Plaintiff brings this action to recover for the injuries caused by the compelled, unconstitutional search of his cellphone, and by the government's pursuit and continuation of a charge that inflated his sentencing exposure notwithstanding that it did not, as a matter of law, apply to his conduct.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over Plaintiff's FTCA claims pursuant to 28 U.S.C. §§ 1331 and 1346(b).

8. This Court has subject matter jurisdiction over Plaintiff's Bivens claim pursuant to 28 U.S.C. § 1331.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(e) because a substantial part of the events giving rise to Plaintiff's claims, including the initiation, prosecution, trial, and sentencing of Plaintiff in United States v. Schwartz, No. 1:21-cr-00178 (APM) (D.D.C.), occurred in this District.

10. Plaintiff has exhausted his administrative remedies as required by the FTCA, as set forth in Paragraphs 38 through 39 below.

## PARTIES

11. Plaintiff is a resident of Fayette County, Pennsylvania.

12. Defendant United States of America is sued pursuant to the FTCA for the tortious acts and omissions of its employees and agents acting within the scope of their employment.

13. Defendant Matthew B. Solomon ("Agent Solomon") is, upon information and belief, a Special Agent of the Federal Bureau of Investigation. Agent Solomon is sued in his individual capacity. Agent Solomon signed the affidavit submitted in support of the February 2021 application for a search warrant (the "Affidavit") authorizing the use of biometrics to unlock digital devices seized from Plaintiff, an application submitted after Plaintiff's fingerprint had already been used, without a warrant and over Plaintiff's objection, to unlock his cellphone.

14. Defendants FBI Special Agents John Does 1-10 are, upon information and belief, employees of the Federal Bureau of Investigation who participated in Plaintiff's February 4, 2021 arrest and in compelling Plaintiff to unlock his cellphone using his fingerprint. Their identities are presently unknown to Plaintiff and will be substituted upon discovery. They are sued in their individual capacities.

## FACTUAL ALLEGATIONS

### *A. Arrest and Compelled Unlocking of Plaintiff's Cellphone*

15. On February 4, 2021, FBI agents, including one or more of the John Doe Defendants, arrested Plaintiff at his residence in Uniontown, Pennsylvania, in connection with his alleged participation in the events at the United States Capitol on January 6, 2021.

16. During the arrest, agents handcuffed Plaintiff and, while he remained handcuffed, directed him to unlock his cellphone using his fingerprint. Plaintiff did not consent, and, as he was being made to unlock the device, he was yelling that he would not and would never grant agents permission to search his phone.

17. Immediately after Plaintiff unlocked the device, one agent pushed Plaintiff against a wall while another agent took the phone from his hands, and agents thereafter accessed and reviewed the phone's contents without a warrant.

18. Approximately two days later, Agent Solomon submitted the Affidavit in support of an application for a search warrant authorizing the use of biometrics, including fingerprints, to unlock digital devices seized in connection with the investigation. The Affidavit itself represented that the proposed warrant did not authorize agents to compel a person to provide biometric access to a device, and that any such disclosure had to be voluntary. The Affidavit did not disclose that Plaintiff's fingerprint had already been used, over his stated objection, to unlock his phone, or that agents had already reviewed the phone's contents before any warrant issued.

19. On or about September 16, 2021, the government filed a further application for a warrant to search Plaintiff's phone. An attachment to that application stated that, due to an oversight, after agents had already captured screenshots of text messages from Plaintiff's phone, the phone was never forensically extracted or searched further notwithstanding a previously issued warrant authorizing such a search, and that no additional data had been extracted from the device. The same attachment stated that agents had used Plaintiff's fingerprint to unlock his phone, but did not disclose that Plaintiff was compelled to do so over his objection.

20. Plaintiff moved to suppress the fruits of the compelled unlocking. The District Court denied that motion on November 16, 2022.

21. On January 17, 2025, the D.C. Circuit held that the compelled act of unlocking Plaintiff's cellphone with his fingerprint was testimonial because it communicated Plaintiff's knowledge of how to access the device, his control over it, and his connection to its contents, and

that the District Court erred in denying Plaintiff's motion to suppress both the compelled act and the evidence derived from it.

### *B. The Second Superseding Indictment and Trial*

22. Plaintiff was originally indicted on March 3, 2021. A first superseding indictment followed on October 27, 2021.

23. On February 9, 2022, a second superseding indictment (the "Second Superseding Indictment") was returned, charging Plaintiff with eleven counts, including, as Count Eight, obstruction of an official proceeding and aiding and abetting, in violation of 18 U.S.C. §§ 1512(c)(2) and 2.

24. Plaintiff was tried before a jury from November 29, 2022 through December 6, 2022. On December 6, 2022, the jury found Plaintiff guilty on Counts 1, 2, 3, 4, 7, 8, 9, 10, 11, 12, and 13 of the Second Superseding Indictment, including Count Eight.

### *C. Sentencing and the Effect of Count Eight on Plaintiff's Guidelines Range*

25. At sentencing on May 5, 2023, the District Court calculated Plaintiff's advisory Sentencing Guidelines range by grouping counts under U.S.S.G. § 3D1.2.

26. The District Court calculated Count Eight, the § 1512(c)(2) obstruction count, at an offense level of 31, which consisted of a base offense level of 14, plus 8 levels for threat of physical injury, plus 3 levels for substantial interference with the administration of justice, plus 6 levels for an official victim.

27. The District Court grouped Count Eight together with Counts 1, 2, 9, 10, and 11, and found that this group's offense level was 31, the highest of any group, because of Count Eight's

own offense-level calculation. By contrast, the groups consisting solely of the assault counts (Counts 3, 4, and 7) each carried an offense level of 26.

28. Had Count Eight not been included in the group, that group's offense level would have been 26, consistent with the other assault-count groups, rather than 31.

29. After applying the multiple-count adjustment, the District Court arrived at a combined offense level of 34 and, with a Criminal History Category of VI, an advisory Guidelines range of 262 to 327 months' imprisonment.

30. The District Court sentenced Plaintiff to a controlling term of 170 months' imprisonment, comprised of concurrent terms including 170 months on Count Eight, together with 36 months of supervised release, $2,000 in restitution, and a $920 special assessment. Plaintiff's 170-month sentence was, at the time, the longest sentence imposed on any January 6 defendant.

31. Plaintiff was thereafter transferred to serve his sentence in the custody of the Federal Bureau of Prisons.

***D. Vacatur, Dismissal, and Pardon***

32. On June 28, 2024, the Supreme Court held in Fischer v. United States, 603 U.S. 480 (2024), that 18 U.S.C. § 1512(c)(2) does not criminalize conduct of the kind at issue in the prosecutions of January 6 defendants merely because it affected the certification proceeding.

33. On January 17, 2025, the D.C. Circuit vacated Plaintiff's conviction on Count Eight in light of Fischer, held that the District Court had erred in denying Plaintiff's motion to suppress the fruits of the compelled cellphone unlocking as set forth above, and remanded the case for further proceedings, including resentencing.

34. On January 20, 2025, the President issued Proclamation 10887, granting "a full, complete and unconditional pardon to all other individuals convicted of offenses related to the events at or near the United States Capitol on January 6, 2021," other than those individuals whose sentences were separately commuted. Plaintiff was not among the individuals whose sentences were commuted, and he therefore received a full, complete, and unconditional pardon. The Proclamation further directed the Attorney General to pursue dismissal with prejudice of all pending indictments related to January 6, 2021, and directed the Bureau of Prisons to immediately release all individuals described in the Proclamation who remained incarcerated.

35. Plaintiff was released from federal custody on January 20, 2025, having been continuously incarcerated, whether pretrial or post-conviction, from February 4, 2021, a period of approximately three years and eleven and one-half months.

36. On March 14, 2025, on the government's own motion, the District Court dismissed the Second Superseding Indictment against Plaintiff with prejudice.

37. The prosecution of Plaintiff under 18 U.S.C. § 1512(c)(2) thus terminated in Plaintiff's favor, both through the vacatur of his conviction on that count and through the subsequent dismissal of the indictment with prejudice.

***E. Administrative Exhaustion***

38. On September 26, 2025, Plaintiff transmitted four separate Standard Form 95 administrative claims to the United States Department of Justice and the Federal Bureau of Prisons, presenting claims arising from the conduct described above.

39. More than 180 days have elapsed since Plaintiff's claims were transmitted, and the United States has neither settled nor issued a final denial of any of Plaintiff's claims. Plaintiff's

claims are therefore deemed denied pursuant to 28 U.S.C. § 2675(a), and Plaintiff has exhausted his administrative remedies as to his FTCA claims.

**AS AND FOR A FIRST CAUSE OF ACTION**

*(Abuse of Process as Against the United States of America)*

40. Plaintiff realleges and incorporates by reference each of the foregoing paragraphs as though fully set forth herein.

41. Employees and agents of the United States, acting within the scope of their employment, used the criminal process of the District Court, including the grand jury and the charging of Count Eight under 18 U.S.C. § 1512(c)(2), for a purpose other than that for which the process was designed.

42. As set forth above, the inclusion of Count Eight increased the offense level applicable to Plaintiff's most serious Guidelines group from 26 to 31, thereby increasing Plaintiff's combined offense level, his advisory Guidelines range, and the length of the sentence ultimately imposed and served, notwithstanding that § 1512(c)(2) did not, as a matter of law, reach Plaintiff's charged conduct.

43. The government continued to press the Count Eight charge through trial, verdict, and sentencing, and relied upon it in seeking and obtaining a sentence longer than any other imposed on a January 6 defendant at that time, for the collateral purpose of maximizing Plaintiff's sentencing exposure beyond what his other convictions independently supported.

44. As a direct and proximate result of this misuse of process, Plaintiff suffered additional loss of liberty, incarceration beyond the term his other convictions would have supported, and associated emotional distress, reputational harm, and economic loss.

**AS AND FOR A SECOND CAUSE OF ACTION**

*(Malicious Prosecution as Against the United States of America)*

45. Plaintiff realleges and incorporates by reference each of the foregoing paragraphs as though fully set forth herein.

46. Employees and agents of the United States, acting within the scope of their employment, initiated and continued the prosecution of Plaintiff on Count Eight under 18 U.S.C. § 1512(c)(2), including by presenting the charge to the grand jury, trying the charge to verdict, and advocating for a sentence substantially driven by that charge.

47. The prosecution of Count Eight terminated in Plaintiff's favor, first through the D.C. Circuit's vacatur of Plaintiff's conviction on that count on January 17, 2025, and thereafter through the dismissal of the Second Superseding Indictment with prejudice on March 14, 2025.

48. The prosecution of Count Eight lacked probable cause because, as the Supreme Court held in Fischer, § 1512(c)(2) does not reach conduct of the kind charged against Plaintiff.

49. The prosecution of Count Eight was malicious, in that it was pursued and continued for a purpose other than bringing Plaintiff to justice for conduct the statute actually proscribed, including for the purpose of increasing Plaintiff's sentencing exposure as set forth above.

50. As a direct and proximate result of the malicious prosecution of Count Eight, Plaintiff suffered loss of liberty, prolonged incarceration, emotional distress, reputational harm, and economic loss.

**AS AND FOR A THIRD CAUSE OF ACTION**

*(Fifth Amendment as Against Agent Solomon and John Does 1-10)*

51. Plaintiff realleges and incorporates by reference each of the foregoing paragraphs as though fully set forth herein.

52. The Fifth Amendment to the United States Constitution provides that no person shall be compelled in any criminal case to be a witness against himself.

53. On February 4, 2021, acting under color of federal law, the John Doe Defendants compelled Plaintiff, while handcuffed, to unlock his cellphone using his fingerprint, without a warrant and over Plaintiff's stated objection.

54. The compelled unlocking was a testimonial act because it communicated Plaintiff's knowledge of how to access the device, his possession and control over it, and his connection to its contents.

55. Agent Solomon thereafter submitted the Affidavit in support of a search warrant application that relied upon and did not disclose the prior warrantless, compelled unlocking and review of the device, notwithstanding that the Affidavit itself represented that no person could be compelled to provide biometric access to a device, and agents continued to exploit the fruits of the compelled act in the investigation and prosecution of Plaintiff.

56. On January 17, 2025, the D.C. Circuit held that this conduct violated Plaintiff's Fifth Amendment privilege against self-incrimination and that both the compelled act and its fruits should have been suppressed.

57. The conduct of Agent Solomon and the John Doe Defendants was intentional, unlawful, and undertaken under color of federal authority, and directly and proximately caused Plaintiff to suffer the introduction and use of unconstitutionally obtained evidence against him,

contributing to his prosecution, conviction, and incarceration, as well as attendant emotional distress and reputational harm.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants as follows:

a. Awarding compensatory damages against the United States on the First and Second Causes of Action, together with post-judgment interest;

b. Awarding compensatory and punitive damages against Agent Solomon and the John Doe Defendants, individually, on the Third Cause of Action;

c. Awarding Plaintiff his reasonable costs and disbursements; and

d. Awarding such other and further relief as this Court deems just and proper.

*[Remainder of page intentionally left blank.]*

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable pursuant to Federal Rule of Civil Procedure 38(b).

Dated: September 25, 2026
Garden City, New York

Respectfully submitted,

**RAISER, KENNIFF & LONSTEIN**

By: /s/*Alexander Lonstein*
Alexander Lonstein, Esq.
666 Old Country Road, Suite 509A
Garden City, New York 11530
Phone: (516) 742-7600
alexander@rkl.law
D.C. Bar Identification No. 67368

*Attorneys for Plaintiff*